QUESTION: Are fixed capital outlay operations of the Division of Building Construction and Property Management subject to the restrictions on commodity acquisition in s. 287.052, F. S.?
SUMMARY: Fixed capital outlay operations by the Division of Building Construction and Property Management, to the extent that they involve the acquisition of commodities as defined in s.287.012(2), F. S., are subject to the commodity purchasing requirements of Ch. 287, F. S., including those of s. 287.052, unless exempt under the provisions of Ch. 287. Your question is phrased in very abstract terms, and fails to relate the specific facts and circumstances which gave rise to the inquiry. Questions posed in this manner are not susceptible of an absolute response, since differing factual situations can give rise to differing legal results. Therefore, in order to clarify my discussion, I have taken the liberty to make use of examples. Full treatment of this question necessarily requires some explanation of the background of state commodity purchasing. Supervision over many aspects of state purchasing is vested in the Division of Purchasing of the Department of General Services. The significant aspects of that supervision include price and quality monitoring and, perhaps most important, regulation of competitive bidding. This authority is vested in the division under s. 287.042, F. S., which reads in pertinent part: 287.042 Powers, duties, and functions. — The division shall have the following powers, duties, and functions pertaining to commodities: (1) To canvass all sources of supply and contract for the purchase, lease, or acquisition in any manner of all commodities required by the state government or any of its agencies under competitive bidding or by contractual negotiation, in the manner hereinafter provided; (2) To plan and coordinate purchases in volume and to negotiate and execute purchasing agreements and contracts under which the division shall require state agencies to purchase . . . . * * * * * (4) To prescribe the methods of securing bids or negotiating and awarding contracts; * * * * * (7) To govern the purchase by any agency of any commodity; to establish standards and specifications for any commodity; and to set the maximum fair prices that shall be paid for any commodity; (Emphasis supplied.)
Purchase of materials which are "commodities" is therefore subject to the division's supervision. "Commodity" is a term ordinarily encompassing all tangible and movable personal property. See 15A C.J.S. Commodity, pp. 14-16; 7A Words and Phrases Commodity, pp. 588- 91. Florida has broadly defined "commodity" in the context of state purchasing to include: . . . any of the various supplies, materials, goods, merchandise, class B printing, equipment, and other personal property purchased, leased, or otherwise contracted for by the state and its agencies. However, commodities purchased for resale except class B printing are excluded from this definition. [Section 287.012(2), F. S.] Section 287.052, F. S., deals with commodity purchases made pursuant to or incident to a contract for services (e.g., a contract to paint a building in which the painter supplies his own materials): Contracts for acquisition or purchase of commodities. — Commodities shall not be acquired by any agency pursuant to any contract for services or incidental to the services performed thereunder. Any contract providing for the acquisition of both services and commodities shall be deemed to be a contract for the acquisition or purchase of commodities, except that service contracts may provide for purchase of reports on the findings of consultants engaged thereunder. (Emphasis supplied.) The purpose of this section appears not to be the outright prohibition of the purchase of commodities and services in the same transaction, but subjection of such transactions to the governing standards and specifications of the Division of Purchasing. To require that services and commodities always be purchased separately would be an absurd result, incompatible with the customs of trade and with the legislative intent in passing the provision to improve management and coordination of state services. See s. 2(6), Ch. 69- 106, Laws of Florida. Under s. 287.052, transactions which might otherwise be deemed contracts for services are subject to commodity purchasing supervision, particularly competitive bidding requirements. The Division of Building Construction and Property Management of the Department of General Services is charged with managing and maintaining state buildings and grounds in the Capitol Center. Sections 272.03-272.09, F. S. Presumably, in carrying out these services the division purchases commodities and services together, which may be reflected in its own records as "fixed capital outlay." Again, paint purchased incident to a painting contract will serve as an example. Your question is whether these purchases are subject to the supervision and competitive bidding requirements of the Division of Purchasing. "Fixed capital outlay" is a term used in state budgeting, defined in s. 216.011(1)(r), F. S., to mean: . . . real property (land, buildings including appurtenances, fixtures and fixed equipment, structures, etc.,) including additions, replacements, major repairs, and renovations to real property which materially extend its useful life or materially improve or change its functional use and including operating capital outlay necessary to furnish and operate a new or improved facility. (Emphasis supplied.) This definition incorporates the term "operating capital outlay," defined in s. 216.011(1)(q) as "equipment, including bound books, fixtures, and other tangible personal property of a nonexpendable nature, the normal expected life of which is 1 year or more." Examination of these definitions reveals that "fixed capital outlay" and "commodities" are not mutually exclusive categories. There is some overlapping between the terms, because items of personal property, which are "commodities," may also be incorporated into "fixed capital outlay" as "operating capital outlay." To the extent that personal property is included, fixed capital outlay must be subject to the Division of Purchasing bidding regulations under Ch. 287, F. S. An example may help to clarify this conclusion. When the fixed capital outlay is limited to realty, including existing fixtures, the commodity purchasing requirements of Ch. 287, F. S., do not apply. When, however, fixed capital outlay includes materials to be incorporated as fixtures subsequent to purchase (e.g., bricks and lumber), or materials used for routine upkeep which are operating capital outlay (e.g., paint and washers for faucets), then Ch. 287 commodity purchasing requirements apply to these materials. Under s. 287.052, the purchase of such materials pursuant to a service contract would also be subject to the Ch. 287 requirements. Note that a previous opinion from this office, AGO 057-309, concluded that materials furnished pursuant to a contract for interior decorating need not meet competitive bidding requirements. That opinion was based on s. 287.081, F. S. 1957. The Governmental Reorganization Act of 1969, Ch. 69-106, Laws of Florida, repealed the 1957 provision and substituted present s. 287.052 which commands the result reached in this opinion. The cited provisions of s. 287.042, F. S., apply to all state agencies without exception. There remains the question of whether the Division of Building Construction and Property Management is exempt from the Ch. 287 commodity purchasing restrictions. The Division of Building Construction and Property Management has broad authority to enter "any contract or agreement, with any person or agency, public or private, to lease, buy, acquire, construct, hold or dispose of real and personal property necessary to carry out the objects and purposes of this act . . . ." Section 272.124, F. S. It is unlikely, however, that the Legislature intended this authority to abrogate the Ch. 287 requirements. If so, then similar provisions would exempt the Department of Environmental Regulation and the Department of Citrus. See ss. 403.704(9) and 601.10(4), F. S. Purchases of personal property by the Division of Building Construction and Property Management are not qualitatively different from those of other state agencies. To exempt a single agency from a very specific government-wide mandate, when such exemption could lead to a result inconsistent with public policy, requires more explicit language than that of s. 272.124. The permissible exceptions to the competitive bidding requirements in commodity purchasing are set forth in s. 287.062, F. S. That section reads, in pertinent part: Competitive bids, when required, exception. — No purchase of commodities may be made when the purchase price thereof is in excess of $1,000 unless made upon competitive bids received, except: This language demonstrates a clear legislative intent that the list of exceptions shall be exclusive. The purchase of commodities in fixed capital outlay operations of the Division of Building Construction and Property Management is not among the exceptions listed. These conclusions are based upon legislative intent as evidenced by the language of the relevant statutes, without the benefit of judicial construction. These conclusions are reinforced, however, by the courts' construction of statutory competitive bidding requirements so as to give them broad application. The Florida First District Court of Appeal has said, citing authority from the Florida Supreme Court: Laws requiring contracts to be let to the lowest responsible bidder are of great importance to the taxpayers, and ought not to be frittered away by exceptions. As stated in the landmark case of Wester v. Belote on page 724: "In so far as they thus serve the object of protecting the public against collusive contracts and prevent favoritism toward contractors by public officials and tend to secure fair competition upon equal terms to all the bidders, they remove temptation on the part of public officers to seek private gain at the taxpayers' expense, are of highly remedial character, and should receive a construction always which will fully effectuate and advance their true intent and purpose and which will avoid the likelihood of same being circumvented, evaded, or defeated." [Robinson's, Inc. v. Short, 146 So.2d 108,113 (1 D.C.A. Fla., 1962); cert. denied, 152 So.2d 170,155 So.2d 548 (Fla. 1963).] I therefore conclude that materials purchased in fixed capital outlay operations of the Division of Building Construction and Property Management, to the extent they are commodities as defined in Ch. 287, F. S., are subject to the commodity purchasing requirements of that chapter unless specifically exempted therein. Your question is answered in the affirmative.